```
 1              UNITED STATES BANKRUPTCY COURT

 2              CENTRAL DISTRICT OF CALIFORNIA

 3                        --oOo--

 4  In Re:                        ) Case No. RS08-21138-MJ
                                  )
 5  PATRICIA LYNN JENNINGS,       ) Riverside, California
                                  ) Monday, August 2, 2010
 6          Debtor.               ) 1:30 p.m.
    _____)
 7
                                    OBJECTION/DISALLOWING TO CLAIM
 8                                  NUMBER 4 BY CLAIMANT EDUCATION
                                    CREDIT MANAGEMENT CORP.
 9

10              TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE MEREDITH JURY
11           UNITED STATES BANKRUPTCY JUDGE

12  APPEARANCES:

13  For the Debtor:               PATRICIA JENNINGS, IN PRO PER
                                  19964 Nowata Road
14                                Apple Valley, California 92307
                                  (760) 946-4065
15

16  For Educational Credit        TIMOTHY P. BURKE, ESQ.
      Management Corporation:     1136 Fremont Avenue, Suite 108
17                                South Pasadena, California
                                    91030
18                                (626) 799-8902

19  Court Recorder                Susan Lee Hawkinson
                                  United States Bankruptcy Court
20                                3420 Twelfth Street
                                  Riverside, California 92501
21

22  Transcriber:                  Briggs Reporting Company, Inc.
                                  6336 Greenwich Drive, Suite B
23                                San Diego, California 92122
                                  (310) 410-4151
24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

*Briggs Reporting Company, Inc.*

```
                                                                    1

 1      RIVERSIDE, CALIFORNIA MONDAY, AUGUST 2, 2010 1:30 PM
 2                         --oOo--
 3        (Call to order of the Court.)
 4            THE COURT:  Number 17, Patricia Jennings.  This is
 5 objection to claim number four of ECMC.  Appearances please.
 6            MS. JENNINGS:  Good afternoon, your Honor.
 7 Patricia Jennings.  I'm in pro se.
 8            THE COURT:  Okay.
 9            MR. BURKE:  Good afternoon, your Honor.  Timothy
10 Burke on behalf of Educational Credit Management Corporation.
11            THE COURT:  Ms. Jennings, I could not understand
12 the basis for your objection to the Education -- the student
13 loan that is the basis of this claim.  Not only is the claim
14 a claim, but it is a nondischargeable claim, and I would
15 think that you would hope that whatever could be paid to your
16 Chapter 13 plan to this creditor could be paid because it's
17 going to follow you out of your Chapter 13 because it's a
18 nondischargeable claim.  I, quite frankly, couldn't make head
19 nor tail out of what it was you were trying to say in your
20 motion or reply.
21            MS. JENNINGS:  I --
22            THE COURT:  Somebody obviously helped you.  What
23 did they tell you were trying to do?
24            MS. JENNINGS:  Okay, actually this loan, the
25 agreement, was in 1996.
```

2

1       THE COURT:  Yes.
2       MS. JENNINGS:  September 30, 1996 was the
3  reorganization of the student loan marketing association
4  into -- it was the privatization of that government sponsored
5  enterprise.  My loan -- this particular loan was not insured
6  at that time.
7       THE COURT:  It doesn't matter.  It's a student
8  loan.  The insurance doesn't make any difference.
9       MS. JENNINGS:  Even though --
10      THE COURT:  It's a student loan.  The loan doesn't
11 say insured student loan.  It doesn't say government
12 sponsored student loan.  It says student loan.  So, the fact
13 that there was some reorganization -- I looked at the entire
14 legislative history of 523(a)(8) trying to make some sense
15 out of what you were saying.  (A)(8) is the section that
16 finds student loans to be nondischargeable.
17      There were no changes in 1996 that had anything to
18 do with the dischargeability or nondischargeability of a
19 student loan.  There was nothing to change the definition of
20 what a student loan is in 1996.  We did look at whatever it
21 was that was happening in 1996 to see if we could figure out
22 what it was you were trying to argue.
23      MS. JENNINGS:  It changed in 1998.  October 7,
24 1998.
25      THE COURT:  There were no changes to anything that

Case 6:08-bk-21138-MJ    Doc 39    Filed 08/30/10    Entered 08/30/10 11:02:26    Desc
Main Document    Page 4 of 8

3

1  effected 523(a)(8) between 1990 and 2005 when BAP CPA went
2  through, other than they took off the time limit for how old
3  the loan had to be and now there isn't one.
4            MS. JENNINGS:  I'm sorry I missed --
5            THE COURT:  The only change that occurred between
6  1990 and 2005 with regard to the chargeability of a student
7  loan -- what there use to be if they were a certain age they
8  would be discharged, and they took off that requirement.  I
9  forgot when.  Perhaps in about 1998.  It's been --
10           MS. JENNINGS:  It was October 7, 1998, right.
11           THE COURT:  All right.  What that did was not
12 favorable for debtors.  It was disfavorable in the sense that
13 any loan before that date that was old enough, I've even
14 forgotten how old it was, could be discharged if the
15 bankruptcy was filed after that.  In 1998, they said it
16 didn't matter how old the student loan was.  It could never
17 be discharged.  That's the only change that happened in 1998.
18 There was nothing that changed the definition of what a
19 student loan is.
20           MS. JENNINGS:  Your Honor, in 1997, was the
21 emergency student loan consolidation act.  That was when the
22 Department of Education, the secretary, was allowed to insure
23 consolidation loans.  This loan is a consolidation loan that
24 was not an insurable loan until November 13, 1997.
25           THE COURT:  What I'm saying to you is insurance

```
                                                                    4
 1  doesn't matter.
 2          MS. JENNINGS:  So, my question then if this loan
 3  has been paid by --
 4          THE COURT:  By you?
 5          MS. JENNINGS:  By the Department -- twice tendered
 6  by me but it has been paid by the Department of Education and
 7  the question at hand is who do I owe this money to?  ECMC
 8  says that I owe it to them.
 9          THE COURT:  Right.
10          MS. JENNINGS:  In all rights, I owe it to the U.S.
11  Department of Education and the taxpayers.
12          THE COURT:  If that is your complaint, then I
13  understand that argument, and I'll let Mr. Burke respond to
14  that.  Have you attached to your proof of claim the chain of
15  title of the assignment to ECMC?
16          MR. BURKE:  I believe there was a transfer
17  manifest that was not included on the claim, but I included
18  it in my opposition.  What happened with this was it was
19  originally lent by Sally Mae and it was transferred when she
20  went into bankruptcy to the California Student Aid Commission
21  guaranteed it.  Then CSAC transferred it to ECMC.  That's the
22  chain.
23          THE COURT:  Well, the chain -- what you attached,
24  and I did see this, is this print off from the --
25          MR. BURKE:  The National Student Loan database.
```

                                                                5

 1         THE COURT:  Okay that's the database.
 2         MR. BURKE:  There was another exhibit, your Honor.
 3 That was just to prove or to show what the amount of the
 4 actual loan was.  It's ultimately insured by the Department
 5 of Education, but it hasn't been paid by the Department of
 6 Education yet.
 7         THE COURT:  Right, as long as you're pursuing your
 8 rights.
 9         MR. BURKE:  Correct.
10         MS. JENNINGS:  Your Honor, it was originally
11 lended by Student Loan Marketing Association which was the
12 GFC and the loan was never insured by the Department of
13 Education, except the fact that this loan is dated April 1996
14 and was not submitted for payment until a year and a half
15 later in '97 after the Student Loan Consolidation Act of
16 1997.  So, the loan was either held back for a year and a
17 half in order to obtain a certificate of insurance under
18 Higher Education Act 1079 or it was duplicated.
19         THE COURT:  What?
20         MS. JENNINGS:  That's what -- yeah, I know.  It
21 sounds a little crazy but why this --
22         THE COURT:  It sounds to me like you're admitting
23 you haven't paid this student loan back.
24         MS. JENNINGS:  No, no, no, actually I put a
25 $118,000 into an escrow account for ed fund in November of

1  2005, and they refused to accept it.  I submitted a $92,000
2  check to ed fund, and they said there were two errors that
3  were computer errors and they sent the check back.  So, I've
4  tendered it twice and the claim history that is not my claim
5  history, it's the claim history from Sally Mae indicates
6  duplication and that duplicate entities were deleted November
7  9, 1997 which was a Sunday and November 13, 1997 was the day
8  that --
9           THE COURT:  Where is that claim history?
10          MS. JENNINGS:  I have it in my documents at home.
11          THE COURT:  Okay, so it's not part of what you
12 filed with the Court.
13          MS. JENNINGS:  In terms of the adversarial
14 proceeding, it will be part of that.
15          THE COURT:  What adversary proceeding?  Have you
16 filed 523(a)(8)?
17          MS. JENNINGS:  Have I filed -- I'm sorry, what?
18          THE COURT:  Have you filed an adversary proceeding
19 to have this declared a dischargeable debt?
20          MS. JENNINGS:  Not yet, your Honor.
21          THE COURT:  Okay, you're going to?
22          MS. JENNINGS:  I will, yes.
23          MR. BURKE:  Then if that's the case, your Honor,
24 all this should be handled in that proceeding.
25          THE COURT:  Yeah, exactly.

*Briggs Reporting Company, Inc.*

7

1        MS. JENNINGS:  Okay.

2        THE COURT:  Then maybe I'll have a chance to
3 understand the Debtor's argument a little bit better.

4        MS. JENNINGS:  Okay, that's fine.

5        THE COURT:  I'm fine to handle it there.  Maybe
6 I'll understand it better, but I couldn't understand and my
7 law clerk understand it.  We both spent some time trying to
8 understand it.

9        MS. JENNINGS:  Academically, the material is dim.

10       THE COURT:  Because there's nothing that changed
11 the dischargeability of student loans in 1996 or 1998, and
12 you seem to say, particularly in what you say in your reply
13 papers, that something had happened in 1998 that changed that
14 and we couldn't follow your arguments.  I'm just going to
15 take this off calendar, let you file your adversary and we'll
16 deal with all of that there.

17       MS. JENNINGS:  Okay.  Thank you very much, your
18 Honor.

19    (Proceedings concluded.)

20

21       I certify that the foregoing is a correct
22 transcript from the electronic sound recording of the
23 proceedings in the above-entitled matter.

24 /s/ Holly Martens_____          8-30-10_____
   Transcriber                       Date
25

*Briggs Reporting Company, Inc.*